862 F.2d 320
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
F.E. GREGORY & SONS, INC., Appellant,
v.
UNITED STATES of America, Appellee.
 No. 88-1059.
 United States Court of Appeals, Federal Circuit.
 Oct. 12, 1988.
 
 Before EDWARD S. SMITH, NIES and PAULINE NEWMAN, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 DECISION
 
 1
 F.E. Gregory & Sons, Inc. (Gregory) appeals the decision of the Department of Agriculture Board of Contract Appeals, AGBCA No. 82-251-1, 87-3 BCA (CCH) p 19,973 (1987), denying Gregory's claim for an equitable adjustment in the amount of $102,298.76 and supplemental claim in the amount of $46,492.00, in connection with construction of a flood water retarding structure in the Pohick Creek Watershed in Fairfax County, Virginia, Contract No. 50-33A7-9-47. We affirm.
 
 OPINION
 
 2
 We have carefully considered Gregory's arguments, particularly with respect to the expert testimony and the board's findings on the testing for air content of the hardened concrete. The board's decision on questions of fact is final and conclusive unless fraudulent, or arbitrary, or capricious, or grossly erroneous, or not supported by substantial evidence. 41 U.S.C. Sec. 609(b) (1982); Erickson Air Crane Co. of Washington v. United States, 731 F.2d 810, 814 (Fed.Cir.1984). Substantial evidence supports the board's findings that on several occasions the concrete did not meet the contract specifications for either air content or batch time. The contractor knew that the construction was not in full accord with the specifications. The facts do not support the proffered theory of waiver. We conclude that the board did not err in upholding the agency's rejection of the entire riser, on the basis that it was the responsibility of the contractor to comply with the specifications during construction. Fortec Constructors v. United States, 760 F.2d 1288, 1291-92 (Fed.Cir.1985). We affirm the board's holding that Gregory was required to bear the cost of rebuilding the riser.
 
 
 3
 Gregory raises two additional issues based on assertions of equivocation and undue delay by the agency in reaching its decision to reject the riser. We have considered these issues, and conclude that Gregory has not demonstrated reversible error in the findings of the board, or in its conclusion as to liability.
 
 
 4
 The decision of the board is affirmed.